**SO ORDERED: June 27, 2011.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JEFFREY SCOTT PRIEBE and | ) | 10-70563-BHL-7 |
| ANGELA PRIEBE, | ) | |
|     Debtors. | ) | |
| _____ | ) | |
| CARRIE BLACK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 10-57022 |
| | ) | |
| JEFFREY SCOTT PRIEBE, | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding was initiated by the filing of a **Complaint to Determine Dischargeability of Debt** on September 13, 2010, wherein the Plaintiff, Carrie Black ["Black"] seeks to enforce an order of restitution arising out of a criminal proceeding in the Superior Court of the State of California, County of San Diego, Case No. SCE 229484, in which the Defendant, Jeffrey Priebe ["Priebe"] pled guilty to committing a battery against Black pursuant to 7 P.C. 243(D). It now

comes before the Court for ruling pursuant to the Plaintiff's **Motion for Summary Judgment**, filed April 13, 2011, in which Black asserts that the debt is excepted from discharge by virtue of 523(a)(6), and that Priebe is collaterally estopped from relitigating the issue based upon the California conviction. The Defendant's **Brief in Opposition to Plaintiff's Motion for Summary Judgment** was filed on May 10, 2011, and the Plaintiff's **Response to Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment** was filed on June 8, 2011.

Statement of Undisputed Facts

1. On January 22, 2003, Carrie S. Black ["Black"] was seated at the curb on the sidewalk on North Johnson Avenue, El Cajon, California, waiting for a bus. It was a high volume traffic area, adjacent to a freeway exit, an intersection and two (2) driveways. *See, Black v. City of El Cajon*, Superior Court of San Diego, East County Division, Cause No. GIE 020789, ¶ 9, 13. (Exh. 1 to Defendant's Brief).

2. Jeffrey Priebe ["Priebe"], who had been up all night at work, fell asleep at the wheel and ran over Black's legs which were in the roadway. *See, Affidavit of Jeffrey Priebe,* ¶ 2 - 4. (Exh. 3 to Defendant's Brief).

3. Priebe pled guilty to battery and was placed on three (3) years probation and work furlough. In addition, Priebe agreed to pay restitution to Black in the amount of $1.4 million, which installments he paid from 2004 until the filing of his bankruptcy. *See, Affidavit of Jeffrey Priebe*, ¶ 7.

4. Black filed a civil suit against Priebe for negligence, which action was settled for $15,000. *See, Release and Indemnity Agreement*. ( Exh. 2 to Defendant's Brief).

5. 7 P.C. 243(d) sets forth the punishment for simple battery as follows:

    When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment in the state prison for two, three, or four years.

6. 7 P.C. 242 defines battery as "any willful and unlawful use of force or violence upon the person of another."

2

Standard of Review

Summary judgment is mandated where there are no disputed issues of material fact and the movant must prevail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must affirmatively show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 323; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When reviewing facts in support of a motion for summary judgment, a court must construe all facts in the light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but rather to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249.

Applicable Law

Collateral estoppel applies in bankruptcy court to bar the relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "Where a state court determines factual questions using the same standards

3

as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987) (citation omitted).

"A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Therefore, this Court must give the California judgment the same preclusive effect as would be given that judgment under California law. In *Teitelbaum Furs, Inc. v. Dominion Inss. Co., Ltd.* (1962) 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.3d 439, the court held that the doctrine of collateral estoppel precludes relitigation of any issues necessarily decided in prior litigation as to parties or their privies if the same issue is involved in a subsequent lawsuit on a different cause of action. The criteria for application of collateral estoppel are as follows: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a 'full and fair . . . trial' to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial. *Leader v. State of California* (1986), 182 Cal.App. 3d 1079, 1087, 226 Cal.Rptr. 207.

The California Supreme Court holds that battery is a general intent crime. *People v. Colantuono* (1994) 7 Cal.4th 206, 217, 26 Cal.Rptr.2d 908, 865 P.2d 704. As with all general intent crimes, "the required mental state entails only an intent to do the act that causes the harm. . . ." *People v. Davis* (1995) 10 Cal.4th 463, 519, fn. 15, 41 Cal.Rptr.2d 826, 896 P.2d 119. Thus, the crime of battery requires that the defendant actually intend to commit a "willful and unlawful use

4

of force or violence upon the person of another." *Colantuono*, *supra,* 7 Cal.4th at p. 217, 26 Cal.Rptr.2d 908, 865 P.2d 704.  In this context, the term "willful" means "simply a purpose or willingness to commit the act . . . ." *People v. Lara* (1996), 44 Cal.App.4th 102, 107, 51 Cal.Rptr.2d 402, 405.

Black asserts that the debt is excepted from discharge by virtue of 523(a)(6) which precludes a debtor from receiving a discharge for any debt "for willful and malicious injury" by the debtor. Because Priebe was found guilty of a battery upon Black by the California court, she argues that his debt is nondischargeable under section 523(a)(6) under the principles of collateral estoppel.

To succeed on a 523(a)(6) claim, the claimant must establish both that the act was willful *and* malicious.  In *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court conclusively established that nondischargeability under 523(a)(6) takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.  In other words, there must be an "actual intent to cause injury." *Id.* at 61, 118 S.Ct. at 977. Specifically, the Court stated:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.  Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." .... [T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act", not simply "the act itself."

523 U.S. at 61-62, 118 S.Ct. 974 (citation omitted).  The *Geiger* Court added that to give the "willful and malicious" standard a broader interpretation would be to except from discharge injuries derived from "[e]very traffic accident stemming from an initial intentional act" and every "knowing breach

5

of contract". *Id.* at 62.

In *Carrillo v. Su (In re Su)*, 290 F.3d 1140 (9th Cir. 2002), a state court found the debtor guilty of negligence when he sped through an intersection, running a red light, and striking Carrillo causing severe personal injury. It further found that he was guilty of "malice" which was defined either as conduct intended to cause injury to the plaintiff or as despicable conduct carried on with a willful and conscious disregard for the safety and rights of others. Carrillo was awarded in excess of $500,000. After the debtor filed a Chapter 7 bankruptcy petition, Carrillo alleged that her judgment was excepted from discharge by virtue of section 523(a)(6). The bankruptcy court agreed, and the BAP reversed, relying on the Ninth Circuit's decision in *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, *cert. denied*, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001) in which the court held that § 523(a)(6)'s willful injury requirement is met "when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Id.* at 1208. The 9th Circuit affirmed, reiterating its position that the willful standard under 523(a)(6) requires a subjective, as opposed to an objective, approach. Any other interpretation, the Court notes, would:

> . . . expand the scope of nondischargeable debt under § 523(a)(6) far beyond what Congress intended. By its very terms, the objective standard disregards the particular debtor's state of mind and considers whether an objective, reasonable person would have known that the actions in question were substantially certain to injure the creditor. In its application, this standard looks very much like the 'reckless disregard' standard used in negligence. . . The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain.

*Id.* at 1145-1146.

Similarly, in *Garoutte v. Damax, Inc.*, 400 B.R. 208 (S.D.Ind. 2009), it was held that

6

"[c]ourts applying collateral estoppel in bankruptcy proceedings must look beyond the label 'intentional tort' and compare the tort judgment in question with the 'willful and malicious' standard." *Id.* at 213 (*citing In re Schlessinger*, 208 Fed.Appx. 131, 134 93d Cir. (2006) ("Not all intentional torts are willful and malicious."); *In re Gulevsky*, 362 F.3d 961, 963 (7th Cir. 2004) (section 523(a)(6) "makes *many* intentional torts nondischargeable")(emphasis added)). More recently, in *In re Davis*, 638 F.3d 549 (7th Cir. 2011), the Seventh Circuit considered the collateral estoppel effect of a state court judgment for violation of the Indiana Home Improvement Contracts Act. The Court held that while the state court findings were entitled to collateral estoppel effect in the bankruptcy proceeding, that did not "undermine that bankruptcy court's conclusion as to the debtor's intent" inasmuch as the state court made no determination as to intent. Likewise in *In re Roberts*, 431 B.R. 914 (Bankr.S.D.Ind. 2010), the court found that a debtor's guilty plea established that his actions were "intentional" but it did not necessarily establish that there was any intent to cause injury.

The Court finds that the California judgment is entitled to collateral estoppel effect in these proceedings. The Court accepts the California finding that Priebe intentionally did an act that resulted in injury to Black. But such finding does not necessarily give rise to a nondischargeable debt under 523(a)(6). Because the statutory requirements of 523(a)(6) are set forth in the conjunctive, Black must establish that Priebe's actions were both willful *and* malicious in order to prevail on a motion for summary judgment.

Black has failed to establish by a preponderance of the evidence that Priebe had any subjective intent to cause harm to her or anyone else when he got into his car the morning of the accident. There has been no evidence to contradict Priebe's affidavit stating that he fell asleep at the

7

wheel and didn't even realize that he had struck Black until some time later. His decision to drive may not have been prudent under the circumstances, and was perhaps even negligent, but it was not malicious.

Based upon all the foregoing, the Court **DENIES** the Plaintiff's Motion for Summary Judgment and finds that the actions of the Debtor were not "willful and malicious" so as to except the debt from discharge under section 523(a)(6). There being no genuine issues of material fact in dispute, and the Court being fully and sufficiently advised, judgment is hereby entered in favor of the Defendant.

**IT IS SO ORDERED AND ADJUDGED.**

###